GABRIELLE E. GORDON, CA Bar No. 318153
gabrielle.gordon@ogletree.com
SONA P. PATEL CA, Bar No. 334044
sona.patel@ogletree.com
OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
400 South Hope Street, Suite 1200
Los Angeles, CA 90071
Telephone: 213-239-9800
Facsimile: 213-239-9045

Attorneys for Defendants
ARBORWORKS LLC (also erroneously sued as ArborWorks, Inc.), ARBORLINE CONSULTING, LLC, and ARBORVISTA, LLC

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

MARK WILLIAM ROY JR., an individual,

Plaintiff,

v.

ARBORWORKS INC., a California corporation; ARBORWORKS LLC, a California limited liability company; ARBORLINE CONSULTING, LLC, a California limited liability company; ARBORVISTA, LLC, a California limited liability company; CHRISTOPHER MINER, an individual; LAYLA MEADOWS, an individual; KATIE CASPER, an individual; NATHAN WILSON, an individual; CYBIL HOVLAND, an individual; ERIC CALDWELL, an individual; and DOES 1 through 50, inclusive,

Defendants.

Case No. _______________

**DEFENDANTS ARBORWORKS LLC (ALSO ERRONEOUSLY SUED AS ARBORWORKS, INC.), ARBORLINE CONSULTING, LLC, AND ARBORVISTA, LLC'S NOTICE OF REMOVAL OF CIVIL ACTION TO UNITED STATES DISTRICT COURT**

[Filed concurrently with Civil Cover Sheet; Certification of Interested Parties and Disclosure Statement; Declarations of Gabrielle E. Gordon and Katie Casper in Support of Removal; Request for Judicial Notice]

| | |
|---|---|
| Complaint Filed: | August 8, 2025 |
| Trial Date: | None |
| District Judge: | Hon. ____________<br>Courtroom __, ________ |
| Magistrate Judge: | Hon. ____________<br>Courtroom __, ________ |

**TO THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF CALIFORNIA AND TO PLAINTIFF MARK WILLIAM ROY JR. AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants ArborWorks, LLC (also erroneously sued as ArborWorks, Inc.) ("ArborWorks"), ArborLine Consulting, LLC ("ArborLine") and ArborVista LLC ("ArborVista") (collectively "Defendants") hereby remove the action *Mark William Roy Jr. v. ArborWorks Inc. et al.*, pending in the Superior Court of California, County of Madera, Case No. MCV096029, to the United States District Court for the Eastern District of California. Removal to federal court is appropriate because this Court has original jurisdiction over Mark William Roy Jr.'s ("Plaintiff") claims under 28 U.S.C. § 1331 because this action "arises under federal law." The removal is based on the existence of a federal question, as Plaintiff's claims, such as his breach of a collective bargaining agreement, failure to timely pay wages, and reimbursement claims, involve a "right [that] exists solely as a result of the CBA," and as such substantially depend on the interpretation of the collective bargaining agreements ( collectively referred to as "CBAs") entered into between Plaintiff and Defendants. The CBAs govern the terms and conditions of Plaintiff's employment with Defendants.

Accordingly, Plaintiff's claims are preempted under Section 301 of the Labor Management Relations Act ("Section 301"). 29 U.S.C. § 185; *see Curtis v. Irwin Industries, Inc.*, 913 F.3d 1146 (9th Cir. 2019), citing *Burnside v. Kiewit Pac. Corp.*, 491 F.3d 1053, 1059 (9th Cir. 2007). Alternatively, Plaintiff's claims substantially depend on the interpretation of the applicable CBAs. This Court has original jurisdiction over the action pursuant to its federal question jurisdiction, and this action may be removed to federal court pursuant to 28 U.S.C. §§ 1441(a) and (c).

## I. <u>CLAIMS AND PROCEDURAL HISTORY</u>

1. The Complaint was filed in Madera County on August 8, 2025, and assigned Case No. MCV096029. In the Complaint, Plaintiff alleges claims for: (1) failure to timely pay wages in violation of California Labor Code section 223, (2) civil penalties for wage violations in violation of California Labor Code section 225.5, (3) failure to pay wages when due in violation of California

Labor Code section 204; (4) civil penalties for late payment of wages in violation of California Labor Code section 210; (5) failure to furnish itemized statements of wages under in violation of California Labor Code section 226; (6) failure to timely pay wages due at termination in violation of California Labor Code section 203; (7) failure to reimburse business expenses in violation of California Labor Code section 2802; (8) retaliation in violation of California Labor Code section 98.6; (9) violations of Assembly Bill 984 regarding electronic monitoring (California Labor Code section 435); (10) breach of collective bargaining agreement; (11) constructive discharge in violation of public policy; (12) violations of California Labor Code section 558.1 against individual defendants; (13) unjust enrichment; (14) breach of the implied covenant of good faith and fair dealing; and unfair competition (Bus. & Prof. Code, § 17200 *et seq.*).

2. Plaintiff served the Complaint and corresponding documents on Defendant ArborWorks LLC on or about September 30, 2025 by personal service. (Declaration of Katie Casper ("Casper Decl.") ¶ 4). Plaintiff served the Complaint and corresponding documents on Defendant ArborLine Consulting, LLC on or about September 30, 2025 by personal service. (*Id.*) Plaintiff served the Complaint and corresponding documents on Defendant ArborVista LLC on or about September 30, 2025 by personal service. (*Id.*)

3. On October 30, 2025, Defendants filed their Answer to Plaintiff's Complaint. Defendants have not filed any other pleadings or papers in this action.

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of the Summons and Complaint, and all other process, pleadings, and orders allegedly served on Defendants ArborWorks LLC and ArborLine Consulting, LLC are attached to this Notice of Removal as Exhibits A and B. (Casper Decl. ¶ 4.) Exhibit A contains Defendants' Answer to Plaintiff's Complaint. (Declaration of Gabrielle E. Gordon ("Gordon Decl.") ¶ 2).

5. Plaintiff did not expressly enumerate any claim under federal law or make any explicit mention that the adjudication of his claims relies on an interpretation of the CBAs. However, Plaintiff alleges he was a member of the International Brotherhood of Electrical Workers Local 1245 ("IBEW Local 1245.") (*See* Casper Decl. ¶ 4, Exhibits A & B, Complaint, para. 18.) Plaintiff's claims directly

rely upon provisions of the CBAs in effect during his employment, including payment of In-Lieu-of-Benefits pay, reimbursement of subsistence pay when driving for over a certain number of miles, and timing of payment to union covered employees. (*See* Casper Decl. ¶ 4, Exhibits A & B, Complaint, paras. 24, 25-29, 35-38.) Furthermore, Plaintiff brings forth a cause of action entitled "Breach of Collective Bargaining Agreement." (*See* Casper Decl. ¶ 4, Exhibits A & B, Complaint, paras. 138-151.)

6. Exhibit C contains a true and correct copy of the CBA between ArborWorks and IBEW Local 1245 (effective June 1, 2022 through September 30, 2027), which was in place while Plaintiff was employed by ArborWorks from October 25, 2021 through December 23, 2023. (Casper Decl. ¶ 6.) (Defendant's Request for Judicial Notice ("RJN"), Ex. 1.)

7. Exhibit D contains a true and correct copy of the CBA between ArborLine and IBEW Local 1245 (effective November 15, 2023 through May 31, 2025), which was in place while Plaintiff was employed by ArborLine from December 24, 2023 through August 16, 2024. (Casper Decl. ¶ 7) (RJN Ex. 2.)

8. Venue is proper in this Court pursuant to 28 U.S.C. §§ 84(b), 1391 and 1446. This district and division embrace the County of Madera where the action is pending in the Superior Court of California, County of Madera. Therefore, this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a).

## II. ALL NECESSARY PARTIES HAVE JOINED THIS REMOVAL

9. ArborWorks, LLC (also erroneously sued as ArborWorks, Inc.), ArborLine Consulting, LLC, and ArborVista, LLC are the only Defendants who have been served in this action. The Complaint also names as Defendants Christopher Miner, Layla Meadows, Katie Casper, Nathan Wilson, Cybil Hovland, Eric Caldwell, (collectively, "Individual Defendants") and "DOES 1 through 20." Defendants are informed and believe and on that basis allege that the Individual Defendants and the fictitiously-named Defendants have not been served with a copy of the Summons and Complaint. Therefore, the Individual Defendants and the fictitiously-named Defendants are not parties to the above-captioned action and need not consent to removal. *See* 28 U.S.C. § 1441(b)(2);

*Fristoe v. Reynolds Metals Co.*, 615 F.2d 1209, 1213 (9th Cir. 1980) ("Does" defendants need not be joined in a removal petition); *See Salveson v. Western States Bankcard Assoc.*, 731 F.2d 1423, 1429 (9th Cir. 1984) ("[o]ur circuit rule is that a party not served need not be joined; the defendants summoned can remove by themselves").

## III. TIMELINESS OF REMOVAL

10. Defendants removed this case within 30 days of first receiving a paper from which Defendants could discern that the matter is removable under federal question grounds as a result of Section 301 preemption. *See* 28 U.S.C. § 1446(b)(1) ("the notice of removal shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief"). Accordingly, this notice of removal is timely.

## IV. FEDERAL QUESTION JURISDICTION BASED ON SECTION 310 OF THE LMRA PREEMPTION

11. This Court has original jurisdiction under 28 U.S.C. § 1331, and this case may be removed pursuant to the provisions of 28 U.S.C. § 1441(a) and (c) in that it is a civil action that presents a federal question.

12. Federal question jurisdiction arises out of the fact that adjudication of Plaintiff's claims requires interpretation of the terms of one or more CBAs, and thus Plaintiff's claims are completely preempted by federal law under the LMRA. 29 U.S.C. § 185. Section 301 of the LMRA provides that: "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce . . . may be brought in a district court for the United States having jurisdiction of the parties without regarding to the amount in controversy or without regarding to the citizenship of the parties." *Firestone v. Southern Cal. Gas. Co.*, 219 F.3d 1063, 1065 (9th Cir. 2000). To ensure uniform interpretations of CBAs, federal common law preempts the use of state contract law in collective bargaining agreement interpretation and enforcement. *See Lingle v. Norge Div. of Magic Chef, Inc.*, 486 U.S. 399, 411 (1988).

13. Further, all state law claims raised by an employee that require interpretation of a collective bargaining agreement must be brought pursuant to Section 301. *Allis-Chalmers Corp. v.*

*Lueck*, 571 U.S. 202, 211 (1985). "The preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement . . . any state claim whose outcome depends on analysis of the terms of the agreement." *Newberry v. Pac. Racing Ass'n*, 854 F.2d 1142, 1146 (9th Cir. 1988); *see Voorhees v. Naper Aero Club, Inc.*, 272 F.3d 398, 403 (7th Cir. 2001) (noting that Section 301 is one of "only two areas in which the Supreme Court has found that Congress intended completely to replace state law with federal law for purposes of federal jurisdiction").

14. Section 301 specifically has been held to preempt California state law claims that are substantially dependent upon interpretation of a collective bargaining agreement. *Firestone*, 219 F.3d at 1066–67; *Buck v. Cemex, Inc.*, 2013 U.S. Dist. LEXIS 124111, *1, 17 (E.D. Cal. Aug. 29, 2013) (Labor Code claims preempted by the LMRA because their "resolution . . . is 'substantially dependent upon' the terms of the CBA"). This is so even where interpretation was required to evaluate the employer's defense to a plaintiff's state law causes of action. *See Levy v. Skywalker Sound*, 108 Cal.App.4th 753, 769 (2003) (claim for unpaid wages preempted because it "rest[ed] entirely" on a claim that plaintiff was "entitled . . . to wages at the level set by the CBA").

**A. <u>Plaintiff is Covered by one or more CBAs</u>**

15. Plaintiff was employed by ArborWorks as a non-exempt hourly employee from October 25, 2021 through December 23, 2023. (Casper Decl. ¶ 3) Plaintiff was employed by ArborLine as a non-exempt hourly employee from December 24, 2023 through August 16, 2024. (*Id.*) Plaintiff's entire employment was covered by a CBA. (*Id.*) Through his Complaint, Plaintiff seeks unpaid wages, penalties, and other relief. (*Id.* at ¶ 4, Exhibits A & B, Complaint, Prayer for Relief.)

16. ArborWorks employees that are covered by the CBA "perform[] line clearance tree trimming and vegetation control on the property of Pacific Gas and Electric Company, the Sacramento Municipal Utility District, the Merced Irrigation District, the City of Santa Clara, the City of Palo Alto, the City of Shasta Lake, Trinity County PUD, City of Redding, City of Roseville, City of Lodi and the Sierra West areas. (*See* Casper Decl. ¶ 6, Ex. C, p. 1. Article 1, 1:1) (RJN Ex.

1.) ArborLine employees that are covered by the CBA perform "inspection work for Vegetation Management Projects in/on electrical and gas systems owned, maintained and operated by Pacific Gas & Electric Companies (PG&E)." (*See* Casper Decl. ¶ 7, Ex. D, p. 1, Scope of This Agreement) (RJN Ex. 2.)

17. Local Union 1245 of the International Brotherhood of Electrical Workers, AFL-CIO is a labor organization within the meaning of Section 2(5) of the NLRA and 301(a) of the LMRA, 29 U.S.C. §§ 152(5) and 185(a).

18. Article 1 of the ArborWorks CBA specifically states that the Union is the exclusive representative for all employees performing line clearance tree trimming and vegetation control covered by the CBA. (*See* Casper Decl. ¶ 6, Ex. C, p. 1. Article 1, 1-1) (RJN Ex. 1.)

19. The "Preamble" and "Purpose and Scope of This Agreement" sections of the ArborLine CBA indicate that the "[t]he intent of this Agreement is to establish uniform conditions of employment for Vegetation Management Inspector workers." (*See* Casper Decl. ¶ 7, Ex. D, p. 1) (RJN Ex. 2.)

**B. Plaintiff's Claims Are Preempted by the LMRA Because They Require Substantial Interpretation of Various Provisions of the CBA.**

***i. Plaintiff's Failure to Reference Section 310 of the LMRA in His Complaint Does Not Preclude Removal.***

20. The fact that Plaintiff has not made specific reference to Section 301 in his Complaint will not preclude removal. *See Milne Employees Ass'n v. Sun Carriers, Inc.*, 960 F.2d 1401, 1406 (9th Cir. 1991). The Court may properly look beyond the face of the Complaint to determine whether the claims asserted are in fact preempted by Section 301. *See Lippitt v. Raymond James Financial Servs., Inc.*, 340 F.3d 1033, 1041 (9th Cir. 2003). Additionally, the Court may properly look to the facts stated in the Notice of Removal "to clarify the action a plaintiff presents and to determine if it encompasses an action within federal jurisdiction." *Schroeder v. Trans World Airlines, Inc.*, 702 F.2d 189, 191 (9th Cir. 1983), overruled in part on other grounds in *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241 (9th Cir. 2009).

21. An artfully pled state law claim is properly "recharacterized" as a federal claim under the "complete preemption" doctrine, which provides that the preemptive force of Section 301 "converts an ordinary state law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule" and is removable to federal court. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987); *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983) ("[I]f a federal cause of action completely preempts a state cause of action, any complaint that comes within the scope of the federal cause of action necessarily 'arises' under federal law").

***ii. Plaintiff's Claims Are "Inextricably Intertwined" with Consideration of the Terms of the CBA.***

22. The Court cannot simply look to state law to resolve Plaintiff's artfully pled claims for breach of a CBA. Plaintiff asserts Defendants failed to pay wages in an accurate and timely fashion both during employment and during separation, failed to reimburse business expenses related to travelling, and breached the CBA.

23. Plaintiff's claims cannot be adjudicated without interpretation of numerous CBA provisions.

24. For example, the applicable CBAs contain language governing wages, including the In Lieu of Benefits payment, which Plaintiff claims Defendant did not properly provide. (*See* Casper Decl. ¶ 6, Ex. C, pp. 9-10 and 23-24, Article VIII and Appendix A.) (RJN Ex. 1.) (*See* Casper Decl. ¶ 7, Ex. D, pp. 7-11 and 15, Article IV and Wage Exhibit.) (RJN Ex. 2.) The In Lieu of Benefits payment is explicitly defined as "25% of the applicable wage rate and to be paid in addition to the applicable hourly rate of pay." (*See* Casper Decl. ¶ 7, Ex. D, p. 15, Wage Exhibit) (RJN Ex. 2.) The ArborLine CBA also indicates when union workers shall be paid and when they should receive a late payment penalty. (*See* Casper Decl. ¶ 7, Ex. D, p. 8, Article IV, 4.05.) (RJN Ex. 2.) Plaintiff specifically cites to this exact article section in his Complaint when alleging unpaid wages. (*See* Casper Decl. ¶ 4, Exhibits A & B, Complaint, ¶¶ 37-38.)

25. Furthermore, the applicable CBAs discuss reimbursement related to travel. The ArborWorks CBA indicates that union workers will receive paid lodging when working more than

100 miles from their yard and receive a per diem of $50 per day. (*See* Casper Decl. ¶ 6, Ex. C, p. 5-6, Article V, 5:2 and 5:6.) (RJN Ex. 1.) The ArborLine CBA indicates "[o]n any job over 50 miles from their residence, the employer shall pay the actual (reasonable) lodging and a subsistence allowance of $50.00 for each day worked." (*See* Casper Decl. ¶ 7, Ex. D, p. 10, Article IV, 4.13.) (RJN Ex. 2.) In Plaintiff's Complaint, he includes the policy from the ArborLine CBA related to lodging and subsistence pay when setting forth his allegations related to reimbursement. (*See* Casper Decl. ¶ 4, Exhibits A & B, Complaint, 35-36.)

26. The CBAs also provide for a grievance process and requires binding arbitration to resolve any disputes arising under the CBA. (*See* Casper Decl. ¶ 6, Ex. C, pp. 15-16, Article XV.) (RJN Ex. 1.) (*See* Casper Decl. ¶ 7, Ex. D, pp. 2-3, Article 1.) (RJN Ex. 2.) Because Plaintiff's alleged claims implicate terms and conditions that have bargained for and are expressly covered by the provision of the governing CBA, resolution of Plaintiff's claims asserted on behalf of all of Defendants' non-exempt employees will require the Court to interpret, at a minimum, all of these relevant provisions.

27. Pursuant to Section 301, Plaintiff's wage and reimbursement claims are controlled by the CBAs that were in effect during his employment. Thus, Section 301, a federal law, applies, and the claims are preempted by federal law. Plaintiff's derivative claims are similarly preempted by federal law. Removal to federal court is thus warranted.

## V. <u>SUPPLEMENTAL JURISDICTION</u>

28. The Court has supplemental jurisdiction over any of Plaintiff's remaining state law claims to the extent they are not completely preempted by Section 301 or are not so inextricably intertwined with or dependent on an interpretation of the CBAs, because they relate to and emanate from the same employment relationship between Plaintiff and Defendants that is the subject of the federal question claims. All the pleaded claims thus emanate from and form part of the same "case or controversy," such that they should all be tried in one action. *See Nishimoto v. Federman-Backrach & Assoc.*, 903 F.2d 709, 714 (9th Cir. 1990). Considerations of convenience, judicial economy, and fairness to the litigants strongly favor this Court exercising jurisdiction over all claims

in the Complaint. *See Executive Software v. U.S. Dist. Court*, 24 F.3d 1545, 1557 (9th Cir. 1994). Accordingly, by virtue of 28 U.S.C. § 1441, Defendants are entitled to remove all of Plaintiff's claims to this Court.

## VI. NOTICE TO PLAINTIFF, PLEADINGS, AND STATE COURT PROCESS – SATISFACTION OF THE REQUIREMENTS OF 28 U.S.C. § 1446

29. Notice: Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Eastern District of California, written notice of the removal will be given by the undersigned to counsel for Plaintiff and a copy of this Notice of Removal will be filed with the Clerk of the Superior Court of California, County of Madera, as required by 28 U.S.C. § 1446(d).

30. Parties: Defendant brings this Notice of Removal on their own behalves.

31. Proper Court: Removal to this Court is proper under 28 U.S.C. § 1441(a) because the Superior Court of California, in and for the County of Madera, is geographically located within this Court's district and division.

32. Signature: This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

33. As required by Federal Rule of Civil Procedure 7.1 and the Local Rules of this Court, Defendants concurrently file its Certificate of Interested Parties with this filing of the Notice of Removal.

By removing on the basis of federal question jurisdiction, Defendants do not concede or make any admissions relating to the merit and/or value of Plaintiff's allegations, claims or damages. Defendants deny the material allegations contained in the Complaint, generally and specifically.

/ / /

/ / /

/ / /

/ / /

/ / /

**WHEREFORE**, having provided notice as required by law, Defendants respectfully request that the State Action be removed from the state court in which it was filed to the United States District Court, in and for the Eastern District of California, and further request that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice that Defendants may be entitled to receive.

DATED: October 30, 2025

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/ Sona P. Patel*
Gabrielle E. Gordon
Sona P. Patel

Attorneys for Defendants
ARBORWORKS LLC (also erroneously sued as ArborWorks, Inc.), ARBORLINE CONSULTING, LLC, and ARBORVISTA, LLC